UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-                                 1:92-CR-0262
                                                        (LEK)

RODNEY E. SMITH

                     Defendant.

## DECISION AND ORDER

Defendant Rodney Smith ("Defendant") has filed a Motion for Writ of *Error Coram Nobis*, pursuant to the All Writs Act (28 U.S.C. § 1651(a)), seeking a declaration that Case Number 1:92-CR-0262 is null and void. See Motion for Writ (Dkt. No. 114). The Government has filed papers in opposition. See Govt's Resp. (Dkt. No. 132). Defendant is currently incarcerated in a Federal correctional facility in Florida.

Defendant has previously sought relief in the form of Habeas Corpus Motions pursuant to 28 U.S.C. § 2255. See Case No. 1:93-CV-1519(CGC) (Motion/Petition pursuant to § 2255 denied); Case No. 1:01-CV-1453(LEK) (Second § 2255 Motion/Petition transferred to U.S. Court of Appeals, which subsequently denied leave for consideration of second and successive § 2255 Motion/Petition); Case No. 1:03-CV-0616(LEK) (Leave to file second and successive § 2255 Motion denied).

Defendant has had the opportunities, and has taken full advantage of his opportunities, to both directly and collaterally appeal and attack his conviction in Case Number 1:92-CR-0262 (Gagliardi, D.J.). See Orders of Judge Kahn Trans. Second & Successive § 2255 Motion/Petition to

Ct. of Apps., w/ Detailed Case Hist. (Case No. 1:01-CV-1453, Dkt. Nos. 21, 27).  Having exhausted all other available remedies without receiving the relief he desires, Defendant now turns to the All Writs Act, and the Writ of *Error Coram Nobis*.

Relief sought pursuant to the Writ of *Error Coram Nobis* and the All Writs Act, 28 U.S.C. § 1651, is extraordinary relief.  See United States v. Morgan, 346 U.S. 502, 511-512 (1954).  In Morgan, the Court also noted that if final judgment and exhaustion of statutory rights of review have occurred, then there must be compelling circumstances for *Error Coram Nobis* review.  See id. at 511 ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.").

It has been held that the Writ of *Error Coram Nobis* is usually a remedy available to those who are no longer in custody, and therefore cannot seek review pursuant to *habeas corpus*.  See Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998) ("Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus....") (citing, *inter alia*, Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) ("Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid.")).

Furthermore, "[i]n reviewing a petition for the writ, a federal court must 'presume the proceedings were correct.  The burden of showing otherwise rests on the petitioner.'"  Fleming, 146 F.3d at 90 (citing and quoting Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992)).  And, "to obtain coram nobis relief a petitioner must demonstrate that '1) there are circumstances compelling

2

such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" Fleming, 146 F.3d at 90 (citing and quoting Foont, 93 F.3d at 79). See also United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000).

In reviewing the submissions of the parties, the procedural history, and the relevant law the Court finds that Defendant has had ample opportunities to raise all of the claims currently raised in the present Motion. Both the Northern District Court and the Court of Appeals have denied Defendant's direct appeal, collateral attacks and appeals pursuant to § 2255, and Defendant's attempts to file second and successive § 2255 Motions - all in relation to the conviction in 1:92-CR-0262, which Defendant again seeks to challenge in the present Motion for Writ of *Error Coram Nobis*.[1] See *supra*. Defendant seeks to re-argue and relitigate issues already addressed and exhausted. Otherwise, it appears that Defendant is merely entitling his Motion as seeking a Writ of *Error Coram Nobis* in an attempt to circumvent prior rulings that have denied second and successive § 2255 filings. In either event, Defendant has not satisfied the standards and burden for relief, and Defendant's Motion fails.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion (Dkt. No. 114) is **DENIED**; and it is further

---

[1] Defendant is in custody, is challenging the very basis and constitutionality of his conviction, and has addressed his Motion for relief to the sentencing Court. Thus, § 2255 is the appropriate avenue for relief, and the All Writs Act is not applicable. See Wright v. United States, 202 F. Supp. 2d 471, 475 (W.D.N.C. 2002) ("§ 2255 specifically addresses the situation we face and [Defendant] has already been denied relief on this very ground. That § 2255 does not provide [Defendant] with a means to obtain the relief he seeks does not make the provision any less controlling. As such, since § 2255 specifically addresses the particular issue at hand, it is the controlling authority and the All Writs Act has no applicability.").

**ORDERED**, that Defendant's submission seeking to have this Court forward a petition to the Chief Judge requesting that this Court rule on Defendant's Motion is **REJECTED AS MOOT**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   October 25, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge