UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-                                            1:92-CR-0262
                                                                             (LEK)
RODNEY E. SMITH,

                         Defendant.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Defendant Rodney E. Smith ("Defendant") filed this motion for relief from a judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6) ("Rule 60(b)"). See Motion (Dkt. No. 140). The question before this Court is whether Rule 60(b) provides an avenue for relief that is available to Defendant?

On September 17, 1992, the Defendant was convicted of all counts of the Indictment within 1:92-CR-0262 and sentenced to six (6) months. Response in Opposition (Dkt. No. 143). In 2001, Defendant was subsequently convicted in West Virginia of being a convicted felon (based on the 1992 conviction) in possession of a firearm and he was sentenced to 108 months. Id. Defendant has previously sought relief in the form of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. See Case No. 1:93-CV-1519(CGC) (Motion/Petition pursuant to § 2255 denied); Case No. 1:01-CV-1453(LEK) (Second § 2255 Motion/Petition transferred to U.S. Court of Appeals, which subsequently denied leave for consideration of second and successive § 2255 Motion/Petition); Case

---

[1] For printed publication by the Federal Reporters.

No. 1:03-CV-0616(LEK) (Leave to file second and successive § 2255 Motion denied).  Most recently, Defendant was denied a Writ of *Error Coram Nobis* under the All Writs Act (28 U.S.C. § 1651(a)).  Decision and Order 10/25/06 (Dkt. No. 138).

## II. Discussion

### A. NATURE OF DEFENDANT'S MOTION

Defendant has moved this Court for relief from judgment under Rule 60(b).  See Motion (Dkt. No. 140).  In his Motion, Defendant does not specify what judgement he is seeking relief from.  Id.  There are a number of judgments in this docket for which Defendant could be seeking relief from including his 1992 conviction, denial of his subsequent appeal and habeas petition and the recent denial of his motion for a writ of *error coram nobis*.

Defendant is *pro se* and as such the Court is required to read his submissions liberally.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 47 (2d Cir. 2006).  In doing so, the Court finds that Defendant can only be seeking relief from the denial of his petitions for habeas corpus.  Defendant cannot be seeking relief pursuant to Rule 60(b) from his 1992 conviction because that was a criminal conviction which is governed by the *Federal Rules of Criminal Procedure*.  See FED. R. CIV. P. 1 (stating that the *Federal Rules of Civil Procedure* only governs suits that are civil in nature).  Denial of his appeal of his criminal conviction would be governed by the *Federal Rules of Appellate Procedure* and the denial of the writ of *error coram nobis* is governed by the *Federal Rules of Criminal Procedure*.  See United States v. Morgan, 346 U.S. 502, 506 (1954) (" a motion [seeking a writ of *error coram nobis*] is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding").

The Second Circuit has ruled that, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  For this Court to find for Defendant, Defendant must allege that his prior habeas proceedings were deficient; this is not what Defendant is alleging.  Defendant alleges that the United States, the United States District Court for the Northern District of New York and Judge Cholakis did not have the jurisdiction to arrest and convict Defendant.  See Motion (Dkt. No. 140). Defendant makes no claims of deficiencies in the habeas proceedings, but rather alleges deficiencies in his original criminal proceedings.  Those alleged deficiencies in the underlying criminal proceeding have been addressed before and have not been found valid.  Defendant's claims are an attack of his underlying criminal conviction, and as such Rule 60(b) relief is not available to Defendant.

B. DEFENDANT'S CLAIM IS ACTUALLY ONE OF HABEAS CORPUS UNDER 28 U.S.C. § 2255

Defendant styles this motion as one made under Rule 60(b), but in reality it is better styled a petition for habeas corpus under 28 U.S.C. § 2255 ("§ 2255"). "If a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')." Harris v. United States, 1:96-CV-1913, 2006 U.S. Dist. LEXIS 86487, at *2 (N.D.N.Y. November 29, 2006)(Kahn, J.).  AEDPA requires that a movant, seeking a successive petition for habeas corpus, apply for permission from the court of appeals.  Id.  The Second Circuit allows district courts some flexibility in handling a Rule 60(b) motion, but the district court cannot

3

simply treat the motion as a petition for habeas corpus.  Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002).  Rather, if a district court believes that a movant's Rule 60(b) motion is just a disguised petition for habeas corpus, the district court must inform the movant of its intent to re-characterize the motion and give the movant time to either withdraw the motion or fix it.  Id.  But, the Court may always deny the Rule 60(b) motion as beyond the scope of the rule instead of re-characterizing the filing.  Id.  Defendant has already timely appealed his conviction, petitioned for habeas corpus and had a second petition disallowed.  There is nothing to suggest that allowing him leave to re-file this motion as a petition for habeas corpus would be entertained by the Circuit, and in the Court's view there is no way in which Defendant can reformat the motion to present a valid Rule 60(b) claim.   Accordingly, the Court denies the Rule 60(b) motion as outside the scope of the rule.

### III. Conclusion

Defendant has not put forth a valid claim for which Rule 60(b) relief can be granted.  Therefore, his motion for relief from judgement under Rule 60(b)(4),(6) is denied and dismissed.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Motion for Relief from Void Judgement (Dkt. No. 140) is **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   July 25, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge