UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -v.-    1:92-cr-0262
                            (LEK)

RODNEY E. SMITH,

                Defendant.

## ORDER

     Defendant Rodney E. Smith, *pro se*, has submitted a document that the Court will liberally construe as a Motion for reconsideration, pursuant to Federal Rule 60(b), of the Order of this Court dated July 25, 2007, which denied an earlier Rule 60(b) Motion. See Motion (Dkt. No. 156) at 16; Order (Dkt. No. 146); Fed. R. Civ. P. 60(b). In essence, the present Motion will be construed as a Motion to vacate the Court's denial of his Motion to vacate the denial of his Petition for habeas corpus.

     In this Motion, Defendant alleges that he suffered various injustices in proceedings before this Court relating his habeas Petition, which was denied; relating to his Petition for a writ pursuant to 28 U.S.C. § 1651, which was denied; relating to the transfer and subsequent denials of his successive habeas Petitions; and he also reiterates various accusations about events pursuant to the original criminal proceedings against him that resulted in his conviction and incarceration. In the present Motion, Defendant attempts to invoke review of these alleged injustices under various provisions, none of which are available to him. Briefly, the Court will explain why the federal statutes and Federal Rule he mentions do not support the review he seeks at this time.

**A. 28 U.S.C. § 1651**

Defendant invokes the All Writs Act, 28 U.S.C. § 1651, which allows a court to issue a writ of *error coram nobis* in extraordinary circumstances despite the fact that a defendant has otherwise exhausted relief.  See United States v. Morgan, 346 U.S. 502, 511-512 (1954).  However, in an Order issued on October 25, 2006, this Court denied this relief, which Defendant had requested based on the same events and circumstances that he repeats in this Motion.  See Order (Dkt. No. 138).  There are no new facts in the present Motion that could possibly form the basis for a writ pursuant to § 1651.  Therefore, the Court will not engage in such review.

**B. Successive Habeas Petitions**

Defendant sought a habeas Petition pursuant to 28 U.S.C. § 2255, which was denied.  See Order (Case No. 1:93-CV-01519, Dkt. No. 14).  Before a district court is authorized to consider a second or successive habeas petition, Defendant must move and be granted by the Court of Appeals an order authorizing the district court to do so.  28 U.S.C. § 2244.  Defendant has sought and been denied leave by the Court of Appeals for the Second Circuit to file a second or successive habeas Petition.  See Motion (Case No. 1:01-CV-01453, Dkt. No. 1); Judgment (Case No. 1:01-CV-01453, Dkt. No. 29).  Subsequently, Defendant has made several attempts to file successive § 2255 Petitions with this Court without obtaining such leave, and has been repeatedly advised of the requisite § 2244 procedures.  See, e.g., Strike Order (Dkt. No. 153); Strike Order (Dkt. No. 155); see also Order denying leave (Case No. 1:03-CV-0616, Dkt. No. 3).  Again in this Motion, Defendant attempts to invoke § 2255 review, which remains unavailable.

**C.  Rule 60(b) Motion for Reconsideration**

By liberally construing the present Motion, the Court will review the July 25, 2007 Order under Federal Rule 60(b).  See Motion (Dkt. No. 156) at 16 .  In the July 25, 2007 Order, the Court

denied Defendant's Motion under Rule 60(b)(4) and (6), which asked the Court to vacate the denial of his Petition for habeas corpus. See Fed R. Civ. P. 60(b)(4), (6); Order (Dkt. No. 146) at 3-4. The Court found that the Defendant was not actually alleging deficiencies in the habeas proceedings, but rather was attempting to use the Rule 60(b) Motion to attack the merits of the underlying criminal proceedings. Id. As an attempt to re-litigate a habeas Petition, the Motion was denied as beyond the scope of Rule 60(b) review. Id. at 4.

"Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "A motion seeking such relief is addressed to the sound discretion of the district court," but "final judgments should not be lightly reopened." Id. (internal quotations omitted). Furthermore, when an issue could have been raised in the prior action, a party is "barred by principles of res judicata and the interest in finality of judgments from mounting a collateral attack on a prior judgment" through Rule 60(b)(4).

Examining the present Rule 60(b) Motion for reconsideration, the Court finds no basis upon which to vacate its Order of July 25, 2007. In that Order, the Court properly refused to allow Rule 60(b) to be utilized for § 2255 review. See, e.g., Harris v. United States, 2006 U.S. Dist. LEXIS 86487, at *2 (N.D.N.Y. November 29, 2006) (Kahn, J.); Gitten v. United States, 311 F.3d 529, 533 (2d Cir. 2002). The Court acted well within its discretion in characterizing Defendant's Motion as such an attempt, as well as in finding that there were no exceptional circumstances to warrant disturbing the denial of Defendant's habeas Petition.

In his present Motion, Defendant complains of the July 25, 2007 Order but does not raise any issue that could even arguably qualify as an exceptional circumstance warranting Rule 60(b) relief. As explained above, most of the present Motion is dedicated to discussing alleged injustices

that are beyond the scope of this Rule 60(b) Motion, which is the only basis of review available to Defendant presently. Because Defendant already has been denied leave to file second and successive habeas Petitions, the Court once again will not allow Defendant leave to re-file the present Motion as a successive § 2255 Motion. If Defendant would like to pursue a successive § 2255 Motion, he must petition the Court of Appeals directly.

### III.  Conclusion

Since Defendant has exhausted the review available in this Court and been repeatedly advised of the process he must utilize to obtain additional review, and yet recently has made several attempts to file Motions ignoring the proper procedures, the Court is ordering that Defendant seek permission from this Court before being allowed to file any additional motion.

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Motion for Reconsideration (Dkt. No. 156) is **DENIED**; and it is further

**ORDERED**, that Defendant is **not allowed to file any additional papers in the District Court for the Northern District of New York unless he first seeks and is granted written permission of the Court to file the document**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     January 07, 2008
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge